http://www.va.gov/vetapp16/Files5/1639926.txt

Citation Nr: 1639926 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 13-03 220A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania

THE ISSUE

Entitlement to service connection for ischemic heart disease, including as due to herbicide exposure.

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

K. Hubers, Associate Counsel

INTRODUCTION

The Veteran had active service from June 1966 to July 1973.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a February 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

The Veteran and his wife testified at a hearing before a Decision Review Officer (DRO) in May 2012. A transcript of that hearing is of record.

In February 2015, the Board remanded this matter to verify the Veteran's address and schedule a videoconference hearing before a Veterans Law Judge. As discussed below, an additional remand is necessary.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In his August 2013 substantive appeal (VA Form 9), the Veteran requested a Board hearing. A Board hearing was scheduled to be held via videoconference in January 2015, but, due to a problem with notice, the Veteran did not attend the hearing. The Board, finding good cause for the failure to attend the hearing, remanded the matter in February 2015 to reschedule a hearing via videoconference.

Accordingly, the hearing was rescheduled for September 2016. Prior to the hearing, the Veteran requested a postponement due to an unforeseen scheduling conflict. See August 2016 Report of General Information (documenting request to reschedule). He also requested that the hearing be scheduled as a Travel Board hearing held at the RO. The regulations provide that a request to reschedule will be granted where good cause is shown. See 38 C.F.R. § 20.704(c). Because the Veteran's request to reschedule his hearing was timely and he provided good cause in his request to reschedule, the undersigned grants his request. From a Report of Contact, it appears that the RO has already agreed to placing him on the docket for the October 2016 Travel Board. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

Schedule a Travel Board hearing for the Veteran. The hearing should be scheduled in accordance with applicable law.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).